### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| NAOMI MCKINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:14CV2-WHA |
| | ) |
| KENAN TRANSPORT, LLC., | )   (wo) |
| | ) |
| | ) |
| Defendant. | ) |

**Order**

This cause is before the court on the Plaintiff's Opposed Motion to Exclude Defendant's Expert Testimony (Doc. #28).

The Plaintiff seeks to exclude the testimony of Defendant's expert witness, Allen K. Powers, on two grounds: failure to comply with Rule 26 and failure to comply with Rule 702.

**Rule 26**

Rule 26 of the Federal Rules of Civil Procedure requires disclosures of expert witness reports and other information. On February 6, 2014, the parties submitted a Report of Parties Planning Meeting in which they requested dates for Rule 26 expert disclosures. (Doc. #9). Thereafter, this court entered a Scheduling Order, not objected to, which set October 10, 2014 as the Defendant's expert disclosure deadline, and which stated that "[u]**nless an objection is filed within 14 days after disclosure of any expert witness, the disclosure shall be deemed to be in full compliance with the Rule**." (Doc. #10 at §8) (emphasis in original). While other deadlines were extended at the request of the Defendant with the consent of the Plaintiff, the deadline for objections to expert disclosures was not extended. (Doc. #23 at p.2). Defendant's expert

disclosure of Powers, with his report, was made on October 10, 2014 as required. The report disclosed that Powers had "[c]reated scale drawings of the accident scene and vehicles." (Doc. #37-1).

The instant motion was filed on December 19, 2014, well after the deadline for objections to the Defendant's Rule 26 disclosures. The Plaintiff concedes that she did not file an objection under Rule 26 within the deadline provided by the court's Scheduling Order. She points to a request for a diagram made by email on November 4, 2014, but even that email request was outside of the deadline for objections to disclosure. She offers no other explanation for her failure to object to the adequacy of the report within the time provided by the Scheduling Order.

The Plaintiff has not demonstrated good cause for amending the Scheduling Order to allow her December 19, 2014 motion to be timely. Fed. R. Civ. Pro. 16(b)(4) (stating "[a] schedule may be modified only for good cause and with the judge's consent."); *see also Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1988). Therefore, the court will enforce the Scheduling Order deadline and the expert's testimony is not due to be excluded on the basis of Rule 26.

### Rule 702

The admissibility of expert testimony is governed by Fed. R. of Evid. 702 which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702, as interpreted by the Supreme Court, "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). This "gatekeeping"

function is important "to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation expert testimony." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (quotation and citation omitted).

In determining the admissibility of expert testimony under Rule 702, this court must conduct "a rigorous three part inquiry," considering whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir.1998).

Powers is a licensed Professional Engineer who has been involved in accident reconstruction for over 30 years. He has provided a report in which he offers the opinion that the left side of the Plaintiff's vehicle left the roadway and then returned to the roadway and struck the Defendant's trailer, which he states is consistent with CDR airbag module report data. (Doc. #31-7).

The Plaintiff argues that this court should exclude Powers's testimony under Rule 702 because his report is not detailed or complete, because Powers did not perform tests on the Plaintiff's tires, and Powers relies on measurements made by his employees for the measurement of marks at the scene.   The Plaintiff also states that Powers's observations are unreliable because he examined the wreck scene 30 days after the wreck, and his opinions rely on marks not documented by the State Troopers on the scene.

The Defendant responds that the Plaintiff has not challenged Powers's qualifications to testify.   The Defendant states that Powers's report outlines the steps he took, including inspecting,

photographing, and measuring the scene of the accident; inspecting, photographing, and measuring the car and tractor trailer and downloading the car airbag module; and creating scale drawings. The Defendant argues that Powers reasonably relied on his observations and photographs, citing *Hendrix v. Evenflo Co.*, 255 F.R.D. 568 (N.D. Fla. 2009). Powers explains in his deposition that he examined the physical damage to the vehicles to see how the vehicles came together and used the data report from the Plaintiff's vehicle which Powers's report states shows the speed of the vehicle prior impact, and the point at which there was braking and steering. He states that CDR airbag module report data has been tested and validated for accuracy.

In determining reliability, the court may ask: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *McCorvey v. Baxter Healthcare Corp.,* 298 F.3d 1253, 1256 (11th Cir. 2002). Other factors which may be relevant to a determination of reliability are (1) whether they have developed their opinions expressly for the purpose of testifying, (2) whether there is an analytical gap between an accepted premise and a conclusion, (3) the expert's consideration of alternative hypotheses, (4) the degree of care exercised, (5) and whether the field of expertise is known to reach reliable results. *See* Fed.R.Evid. 702, Advisory Committee's Note 2000 Amendments (2014).

In this case, Powers relied on data reported from the Plaintiff's vehicle, photographs and observations of the vehicles and wreck scene, and measurements. The court is persuaded to follow other cases in which courts have determined that photographs are the type of evidence on which accident reconstruction experts reasonably rely. *See Hendrix*, 255 F.R.D. at 594. There is evidence that the CDR airbag module report data is tested and reliable. The other factual bases of

Powers's opinion, such as measurements obtained by staff, can be the subject of cross-examination, and go to the weight, not admissibility of his opinion. *Id.*

As to the factor of helpfulness to the jury, the Plaintiff contends that Powers's testimony will not aid the trier of fact because he can offer no opinion as to whether the tractor trailer crossed the lane line before the marks on the road were made.   Whether he can offer an opinion as to a separate inquiry may go to the weight of his testimony, but it does not render inadmissible the opinion he does offer.

The court concludes that the offered expert testimony of Powers survives the Rule 702/*Daubert* challenge, and that the issues raised by the Plaintiff are matters to be addressed by cross-examination and opposing expert testimony.   Resolution will be for the jury.

Accordingly, it is hereby ORDERED that the Plaintiff's Motion (Doc. #28) is DENIED. DONE this 28th day of January, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE