IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NAOMI MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 2:14-CV-002-WHA |
| | ) | |
| KENAN TRANSPORT, LLC, | ) | (WO) |
| | ) | |
| Defendant. | ) | |

## ORDER

### I. INTRODUCTION

This cause is before the court on Plaintiff Naomi McKinney's Motion in Limine (Doc. # 62), and the Response thereto filed by Defendant Kenan Transport, LLC on March 10, 2015 (Doc. # 68). Also before the court are the Defendant's First (Doc. # 48) and Second (Doc. # 50) Motions in Limine and the Responses thereto (Doc. # 71) filed by the Plaintiff on March 10, 2015. Furthermore, the Plaintiff has responded to the Defendant's Objections (Doc. # 59) to four of its witnesses by stating it no longer plans to call those witnesses (Doc. # 70).

For the reasons to be discussed, the Plaintiff's Motion in Limine is due to be GRANTED in part and DENIED in part; the Defendant's First and Second Motions in Limine are due to be GRANTED; and the Defendant's Objections to the witnesses listed below are due to be OVERRULED as moot. Motions and Objections not disposed of in this order will be taken up in separate orders.

### II. DISCUSSION

**A. Plaintiff's Motions in Limine**

The Motion in Limine contains two parts. As to the first part, the Defendant has

1

conceded that the accident report in this case is not admissible, and further adds that the related diagram is not admissible despite Plaintiff's statement that it did not object to use of the diagram. Plaintiff's Motion in Limine will be GRANTED as to the accident report.

In the second part of the Motion in Limine, the Plaintiff seeks to exclude "opinion testimony regarding the cause of the accident made the basis of the lawsuit, the speed of the vehicles involved in this accident, and/or how this accident occurred." (Doc. # 62 at 2.) The Plaintiff further argues that "[s]uch testimony or evidence by anyone who was neither a witness to the accident nor has any firsthand knowledge of this accident is inadmissible." (*Id.*) The Defendant responds that insofar as the Motion in Limine seeks to exclude testimony on these topics by its expert, the personal knowledge requirement in Fed. R. Evid. 602 is not applicable to expert witnesses, and that accident reconstruction experts are routinely permitted to testify on these topics in automobile accident cases.

While lay witnesses without firsthand knowledge cannot testify as to the facts of the accident, the court agrees with the Defendant that an expert witness's opinion testimony is explicitly exempted from Rule 602. Therefore, to the extent that the expert witness will be permitted to testify as to his opinion on the cause of the accident and related matters, the Motion in Limine is due to be DENIED. As to non-expert witnesses, without firsthand knowledge, the Motion is GRANTED.

**B. Defendant's First and Second Motions in Limine**

The Plaintiff has stated that she does not object to the Defendant's First and Second Motions in Limine. The First Motion in Limine (Doc. # 48) seeks to exclude any evidence or mention of insurance coverage for the Defendant. The Second Motion in Limine (Doc. # 50) seeks to exclude any evidence or discussion of the comparative wealth of the parties. Because

the Plaintiff has stated no objections to them, the Defendant's First and Second Motions in Limine are due to be GRANTED.

### C. Defendant's Objections to Plaintiff's Amended Witness List

In her response, the Plaintiff has stated that she will not be calling Tim Birchfield, Tommy Mitchell, Pastor Joel Miller, or Pastor David Warren as witnesses. Therefore, the objections to these witnesses are due to be OVERRULED as moot.

## III. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1. The Plaintiff's Motion in Limine (Doc. # 62) is GRANTED to the extent that the accident report will not be admitted as evidence, DENIED to the extent that the expert witness will be allowed to give an opinion as to the cause of the accident and related matters based on the materials he considered, and GRANTED as to others without firsthand knowledge.

2. The Defendant's First (Doc. # 48) and Second (Doc. # 50) Motions in Limine are GRANTED. The parties are not to mention or offer testimony on the topics of insurance coverage for the Defendant and the comparative wealth of the parties.

3. The Defendant's objections to Plaintiff's witnesses Tim Birchfield, Tommy Mitchell, Pastor Joel Miller, and Pastor David Warren are OVERRULED as moot.

4. The Defendant's remaining Motions in Limine and both parties' remaining Objections to Exhibit Lists and Witness Lists will be taken up in separate orders.

DONE this 11th day of March, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE